The Honorable Larry Cook Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, AR 72086
Dear Mr. Cook:
This is in response to your request for an opinion concerning distribution of certain sales and use tax revenues in Lonoke County, Arkansas. You have attached two local ordinances (No. 2-1985 and No. 3-1985) pertaining to the particular tax, and you have asked the following specific questions:
 1. Can the Quorum Court change the distribution of receipts from the 1% tax?
 2. If the County Quorum Court can change the distribution of receipts, can this be done by ordinance voted upon by the Quorum Court or is it necessary for this to be done at an election of qualified voters?
It is my opinion that the distribution of this tax can only be changed by following the procedures required by state law for the passage of a new sales and use tax, which would include the approval of the voters. Seegenerally Op. Att'y Gen. Nos. 97-231, 97-171, and 97-146. Thus, in my opinion, the answer to your first question is "no."
As I noted in Attorney General Opinion 97-146, the diversion of tax proceeds from a tax levied for a specific purpose is governed by Article16, Section 11 of the Arkansas Constitution, which provides:
 No tax shall be levied except in pursuance of law, and any law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
Although a sales tax that has been levied for a specific purpose thus cannot be used for any other purpose, it can be re-levied for another specified purpose. See Hooker v. Parkin, 235 Ark. 218, 357 S.W.2d 534
(1962); Op. Att'y Gen. 97-231. A re-levy of the tax to change the distribution of receipts would thus, in my opinion, generally be authorized. Indeed, I believe a re-levy of the tax would be the only authorized means of changing the distribution of these sales and use tax revenues.[1] In this regard, please note that the re-levy of a sales tax is carried out under the same procedures that are required for an original levy (including a vote of the electorate). Op. Att'y Gen. 97-231
at 2.
In reaching this conclusion, I have considered the information you have supplied concerning the absence of a specific distribution breakdown on the ballot that was used at the special election. While it is perhaps conceivable that a fact question could remain in this regard, I believe the county would be ill-advised under the particular circumstances as I understand them to proceed with modifying this sales tax distribution absent a re-levy.
Of initial significance in this regard is the fact that the levy ordinance, i.e., Ordinance No. 3-1985, and not the election ordinance or the ballot title, is the "law imposing a tax" within the meaning of Ark. Const. art. 16, § 11, supra. See Op. Att'y Gen. 95-033. As you have pointed out, "Article 7" of this levy ordinance specifies the distribution of the county's sales tax receipts. This appears, moreover, to be consistent with the distribution specified in Section 6 of the election ordinance (Ordinance 2-1985), entitled "Designation of Receipts."
These facts, in my view, likely belie any assertion that the tax was not levied, for purposes of art. 16, § 11, for the expenditures designated in the election ordinance. The argument in favor of the quorum court's independent authority to modify distribution of the tax would, it seems, have to be premised upon the fact that the ballot did not state the specific breakdown. While it is true that the ballot title is the "final word of information and warning" for the elector (Arkansas-Missouri PowerCorp. v. City of Rector, 214 Ark. 649, 654, 217 S.W.2d 335 (1949)), the Arkansas Supreme Court has also stated that the electors have a right to look to other sources, including the ordinance calling the election, to determine what they are asked to approve. Arkansas-Missouri Power Corp.,supra, 214 Ark. at 654. It seems clear from the election ordinance (Ordinance No. 2-1985) in this instance that the voters were being asked to approve the tax and the specified revenue distribution. These circumstances lead me to conclude that the quorum court would likely fail in an effort to change the distribution of these sales tax revenues without presenting the proposal to the voters as a measure re-levying the tax.
This opinion is based upon the facts presented in your correspondence. The existence of other material facts outside those contained in your request may compel further review and corresponding modification of this opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I have previously opined that a county quorum court cannot, through a two-thirds vote pursuant to A.C.A. § 14-14-918(b), amend the designated purpose of a sales tax. Op. Att'y Gen. 97-173. This would, in my opinion, be unauthorized in light of Ark. Const. art. 16, § 11. Id.